FILED
APR 28 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ___Thomas_____ Jeffrey_____
           (Last)                          (First)                    (Initial)

Prisoner Number ___P-32531_____

Institutional Address ___San Quentin State Prison, San Quentin, CA 94974___

UNITED STATES DISTRICT COURT

E-filing

NORTHERN DISTRICT OF CALIFORNIA

CV 08 2106 PJH (PR)

Jeffrey Thomas
_____
Full Name of Petitioner                      Case No.(To be provided by the
                                             clerk of court)

        vs.

Robert Ayers, Jr.
_____          PETITION FOR A WRIT OF HABEAS CORPUS
Name of Respondent
(Warden or jailor)

Read Comments Carefully Before Filling In

When and Where to File

        You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

        If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your

1

petition will likely be transferred to the district court for the district that includes the institution where
you are confined. Habeas L.R. 2254-3(b).

The Library at San Quentin does not have Central District

Habeas forms.

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

## A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.   What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Superior Court                                    San Bernandino, California
_____                    _____
        Court                                            Location

(b)   Case number, if known   37508
(c)   Date and terms of sentence   10/15/81        Plea Bargain
(d)   Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) (Yes)   (X̶No̶)

Where?   San Quentin State Prison: San Quentin, CA 94974
             (Name of Institution)                        (Address)

2.   For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

P.C. 192.2 + P.C. 211
_____

_____

_____

3.   Did you have any of the following?

Arraignment: Yes X  No __   Preliminary Hearing: Yes X  No __  Motion to Suppress: Yes X  No __

3

4.    How did you plead?

Guilty __x__    Not Guilty _____    Nolo Contendere _____

Any other plea (specify) ___Plea Bargain_____

5    If you went to trial, what kind of trial did you have?

Jury _____    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?  Yes __ No __

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes _x_          No __
(b)    Preliminary hearing          Yes          No __
(c)    Time of plea   Yes _x_        No _
(d)    Trial   Yes __       No __
(e)    Sentencing   Yes _x_          No __
(f)    Appeal          Yes ____        No X
(g)    Other post-conviction proceeding    Yes __          No __

8.    Did you appeal your conviction?   Yes __ No _x_

(a)    If you did, to what court(s) did you appeal?

Court of Appeal          Yes __          No __          _____
                                                            (Year)                              (Result)

Supreme Court of
California                          Yes__          No __          _____
                                                            (Year)                              (Result)

Any other court          Yes __          No __          _____
                                                            (Year)                              (Result)

(b)    If you appealed, were the grounds the same as those that you are raising in this
petition?                                              Yes __ No __

(c)    Was there an opinion?          Yes          No

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
                                              Yes                    No

4

If you did, give the name of the court and the result:

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?        Yes          No _x_

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a.    _____

b.    _____

c.    _____

d.    _____

Result _____    Date of Result _____

II.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a.    _____

b.    _____

c.    _____

d.    _____

Result _____    Date of Result _____

III.    Name of Court _____

6

Type of Proceeding _____

Grounds raised (Be brief but specific):

a.  _____

b.  _____

c.  _____

d.  _____

Result _____  Date of Result _____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes __ No X

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: Petitioner entered into plea bargain without knowing

and being informed of relevant circumstances and or likely consequences.

Supporting Facts: See Attachments _____

_____

_____

_____

Claim Two: _____

_____

Supporting Facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:

_____

_____

_____

8

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

_____

_____

_____

Do you have an attorney for this petition?    Yes __ No _x_

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on ___4-15-08___          _____
                Date                        Signature of Petitioner

( rev. 5/96)

April 14, 2008

Dear Honorable Court, I am not learned in the ways of law. However, I understand that a wrong has been done, and the State Supreme Courts only answer is that I can not challenge because I am out of time. We ask this Honorable Court to undo what has been done in the interest of justice.

Sincerely,  4 - 1 5 - 0 8

Jeffery Thomas

Attachment From Page (8)

Petitioner entered into a plea on 11 June 1981 in California Superior Court in San Bernardino County (Central Division), without knowing or being informed of relevant circumstances and or likely consequences. Petitioner entered into this plea uninformed.

Waivers of constitutional rights not only must be voluntary but also must be knowing, intelligent acts done with sufficient awareness of relevant circumstances and likely consequences. In Santobello v. New York the Court instructed that the " essence" of any promise that induce a guilty plea " must in some way be made known" to the defendant. A guilty plea cannot be truly voluntary unless defendant possesses understanding of the law in relation to the facts, 404 U.S. 257, 261-62, 92 S. Ct. 495,498, 30 1. Ed.2d 427 (1971).

When petitioner entered into this plea-bargain on 11,June 1981 he understood that his enhancement range would be pursuant to California Penal Code 12560, 666. Under this penal code the punishment for ownership or possession of a firearm by a person previously convicted of a felony committed with a firearm will serve 1 year in state prison or county jail. Punishment of offender previously convicted of petit larceny or petit theft… and every person who having been convicted of petit theft, grand theft, burglary, or robbery and having served a term… in any penal or having been imprisoned therein as a condition of probation for such offenses is subsequently convicted of petit theft, then the person convicted of such subsequent offense is punishable by imprisonment in the county jail not exceeding one year, or in state prison.

According to the 5th amendment of the U.S. Constitution… " When retroactive effects of law are so wholly unexpected and disruptive that harsh and oppressive consequences follow constitution limitation is exceeded.

Because of the plea-bargain entered into by petitioner on 11 June 1981 petitioner was enhanced on a subsequent conviction that greatly exceeds the enhancements agreed to at the time of his plea-bargain. This 25 to life sentence 'enhancement' was wholly unexpected and disruptive as petitioner will be 64 years old by the time he is even eligible for parole. In People v. Carmony, [Intrajurisdictional Comparison] For first time offenders, this penalty is exceeded only by a sentence of life without parole or death imposed for first degree murder (P.C. 190, subd. (a)), while it is substantially greater than the penalties for far more serious or violent felonies (667.5, subd, (c) such as second degree murder, punishable by 15 years to life (P.C. 189, 190. subd. (a) voluntary manslaughter, punishable by three, six, or eleven years, P.C. 192, subd. (a), 193, sub. (a), mayhem, punishable by three, five, or eight years, P.C. 207, 208, first degree robbery, punishable by three, six, or nine years P.C. 211, 213, subd. (a) (1) (A), rape, punishable by three, six, or eight years P.C. 261, 264, subd. (a), oral copulation with a person under 14 years of age and more than 10 years younger or by force or violence, punishable by three, six, or eight years…

Federal Rule of Criminal Procedure (11) now makes clear that the sentencing judge must develop, on the record the factual basis for the plea, as, for

1

example, by having the accused describe the conduct that gave rise to the charge.   Subd. (g) of Fed. Rule, Crim. Proc. 11, requires that a verbatim record be kept of the proceedings.   If there is a plea of guilty or nolo contendere, the record must include, without limitation, the courts advice to the defendant, the inquiry into the voluntariness of the plea and the plea agreement, and the inquiry into the accuracy of the plea.   Fed. Rule Crim. Proc. 11 (b) (1) requires the court to apprise the defendant of his or her rights before accepting a plea of guilty… The committee determined to expand upon the incomplete listing in the current rule of the elements of the 'maximum possible penalty' and special assessments.   Pursuant to California Penal Code 12021, & 12021.1 (1981) when petitioner made his plea agreement, his enhancement range for possession of a firearm was imprisonment in the state prison, or in the county jail not exceeding one year or by a fine not exceeding one thousand dollars ($1,000) or both.   Constitutional Law (key) 265.5 reads in part " When it develops that defendant was not fairly apprised of guilty plea's consequences, or when defendant pleads guilty on false premise in prosecutions plea agreement, guilty plea violates Due Process clause of 14th Amendment of U.S. Constitution. Under Santobello v. New York, a criminal defendant has a Due Process right to enforce the terms of his plea agreement.   Also [The defendant's] due process rights conferred by the federal constitution allow [him] to enforce the terms of the plea agreement.

In California, [a] negotiated plea agreement is a from of contract, and is interpreted according to general contract principles, and according to the same rules as other contracts (People v. Shelton, 37 Cal. 4th 759, 767 and People v. Toscano, 124 Cal. App. 4th 340,344 (2004).   In Russell v. Puget Sound Tug & Barge Co., the court found that 'When material facts concerning the existence or terms of an agreement to settle or release are in dispute, the parties must be allowed an evidentiary hearing: 737 F. 2d 1510, 1511 (9th Cir 1984).   Three core concerns underlie rule, governing acceptance of pleas: Guilty plea must be free from coercion, defendant must understand the nature of charges, and defendant must know and understand consequences of his guilty plea and if one of the core concerns is not satisfied then plea is invalid. (Fed. Rules Crim. Pro. Rule 11-(a) (2) 18 U.S.C.A.

Petitioner seeks to enforce the contract, which he entered into on 11 July 1981 in the Superior Court, San Bernardino County.

The United States Supreme Court has ruled that, 'A defendant who enters… a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers.  For this wavier to be valid under the Due Process Clause, it must be an intentional relinquishment or abandonment of a known right or privilege. (Johnson v. Zerbst, 304 US 458,464.      Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.  When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement.   In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. (United States v. Anderson 970 F.2d 602,607; Amended- 990 F.2d 1163 (9th Cir.) and United States v. Packwood, 848 F. 2d 1009-1011.   And

2

as with other contracts, provisions of plea agreements are occasionally ambiguous; the government 'ordinarily must bear responsibility for any lack of clarity. United States v. Reed, 778 F. 2d 1437,1441.   In Brown v. Poole, it was ruled that [The defendant's] due process rights conferred by the federal constitution allow [him] to enforce the terms of the plea agreement.(337 F.3d 1155,1159 (9th Cir. 2003)     Petitioner's motion to withdraw his plea should be granted.

Jeffery Thomas

# **DECLARATION OF SERVICE BY MAIL**

I, __Jeffrey Thomas_____, the undersigned, declare:

Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

CDC No. __P32531_____     Housing __2-N-10L___

San Quentin State Prison
San Quentin, CA 94974

On __April 18,_____, __2008____, I served the following document(s):

Month/Day          Year

Petition for Writ of Habeas Corpus

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

United States District Court

Northern District of California

Office of the Clerk

450 Golden Gate Ave.

San Francisco, CA 94102

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this _____ day of _____, _____, at San Quentin, CA, County of Marin.

Signature of declarant

Jeffery Thomas
P32551 2-N-101
San Quentin State Prison
San Quentin, Ca 94974

RECEIVED

APR 1 8 2008

United States District Court
Northern Distric of California
450 Golden Gate Ave.
San Francisco, Ca 94102